JMR

COPY

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

MINNESOTA LABORERS HEALTH AND WELFARE FUND; MINNESOTA LABORERS PENSION FUND; MINNESOTA LABORERS VACATION FUND; CONSTRUCTION LABORERS' EDUCATION AND TRAINING FUND OF MINNESOTA AND NORTH DAKOTA; MINNESOTA LABORERS EMPLOYERS COOPERATION AND EDUCATION TRUST,

Civil No. 01-2054 JMR/SRN

Plaintiffs,

vs.

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER FOR DEFAULT JUDGMENT**

H & W CONSTRUCTION SERVICES, INC., and GERALD WINGE, individually,

Defendants.

This matter was heard before the undersigned on the 1st day of February 2002. Pamela Hodges Nissen of McGrann Shea Anderson Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendants.

**FINDINGS OF FACT**

1. Plaintiffs filed a Summons and Complaint in this matter on November 9, 2001.

2. Defendant H & W Construction Services, Inc. ("H & W Construction") and Gerald Winge were served with a Summons and Complaint in this matter on November 13, 2001.

FILED MAR 7 2002
RICHARD D. SLETTEN, CLERK
JUDGEMENT ENTERED MAR 7 2002
DEPUTY CLERK'S INITIALS ______

3. Defendants have failed to file and serve an Answer to the Summons and Complaint.

4. Plaintiffs are joint fringe benefit trust funds (the "Funds") which are multi-employer plans as defined by 29 U.S.C. § 1002(37). They are established to provide, among other things, pension, vacation, health and welfare benefits to employees doing laborers work in the construction trades, and are maintained for the benefit of workers pursuant to Collective Bargaining Agreements. All contributions must be made and all reports must be submitted to Zenith Administrators, 7645 Metro Boulevard, Minneapolis, Minnesota 55439, as the administrative agent designated by the Trustees.

5. Defendants accepted and agreed to be bound by certain a Collective Bargaining Agreement with the Laborers District Council of Minnesota. The Agreement obligate Defendants, as an employer, to compute the contribution for each employee and pay those contributions to the Funds' Agent on or before the 15th day of the month following the month for which the contribution is being made.

6. Defendants submitted the reports for the months of July through October, and December, 2001, but, with the exception of December, 2001, failed to timely pay the contributions owing. According to the reports submitted by Defendants, fringe benefit contributions are owing in the amount of $16,725.81.

7. Since the filing of the default documents, Plaintiffs collected $5,693.69 through pre-judgment garnishment proceedings. In addition, Defendants submitted two payments totaling $4,225.15.

8. The Collective Bargaining Agreement provides that Defendants pay liquidated damages of 10% of delinquent contributions known to be owing at this time for the months of July through October, 2001 is $1,528.77.

9. In addition, the November 2001 reports and contributions are due.

10. The Collective Bargaining Agreement provides that Plaintiffs are entitled to their reasonable attorney fees and costs of this action.

11. The fair and reasonable value of attorney fees and costs incurred by the Plaintiffs in this action is $4,610.31.

**CONCLUSIONS OF LAW**

1. Defendants are in default, and Plaintiffs are entitled to Default Judgment.

2. Per the reports submitted, Defendants owed at least $16,725.81 in fringe benefit contributions for the months of July through October 2001, and December 2001.

3. Per the reports submitted, Defendants owe $1,528.77 in liquidated damages for the months of July through October 2001.

4. Defendants must submit payroll forms and pay the contributions for which Defendants are delinquent.

5. Defendants are liable for the Plaintiffs attorney fees and costs, in the amount of $4,610.31.

6. Through pre-judgment garnishment proceedings, the Funds have collected $5,837.49. In addition, Defendants are entitled to a credit of $4,225.15 for the payments submitted.

**ORDER**

**IT IS ORDERED**:

1. That Plaintiffs' motion for default judgment is granted.

2. That Plaintiffs shall have judgment, joint and several, against Defendants H & W Construction Services, Inc. and Gerald Winge for $12,802.25.

3. That Defendants file the report for November 2001, and all other months that are delinquent, at the offices of Zenith Administrators, 7645 Metro Boulevard, Minneapolis, Minnesota 55439, correctly identifying hours worked by laborers and the last known addresses of its employees pursuant to the Collective Bargaining Agreement within 5 days of service of this Order upon them.

4. That Defendants pay the contributions of all of the hours reported pursuant to the Court's Order plus interest and liquidated damages in the amount of 10% of the delinquent contributions.

5. That upon the filing of the report by Defendants with Plaintiffs pursuant to this Order, if Defendants fail to make payments required by this Order, the Plaintiffs may move the Court for entry of judgment in the amount of unpaid contributions and liquidated damages as shown by Affidavit filed with the Court, and the Court shall enter judgment ten days after service of the motion and Affidavit on Defendants.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: March 6, 2002

BY THE COURT

James M. Rosenbaum
Judge of District Court

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information <u>must</u> be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*

Forms/8thcircuitprehearingconf.wpd